If it pleases the Court, Michael Painter appearing on behalf of Editions Limited. Speak up, project so we can hear you, please. Michael Painter appearing on behalf of Editions Limited, Your Honor. The fundamental issue in this appeal is whether a district court can make an award of attorney's fees for copyright infringement when the copyright owner is prohibited from obtaining such a reward under the Copyright Act because the copyright owner failed to register the claim to copyright within the period specified by Congress. But your client signed an agreement with Ryan, correct? That's correct. Was that provided for attorney's fees? That's correct. Your position is that if she's not eligible for attorney's fees under the Copyright Act, she's not eligible at all? That's correct. Notwithstanding the agreement that the two of you signed? That is correct, Your Honor. Two parties. Well, let me address that specific question. The Court made its decision and made this award solely under California Code of Civil Procedure 102-1. Now, what about, let me just ask a question, a predecessor question, which you can answer as you're going on. The underlying agreement was a license, right? That is correct. And it had an attorney's fees provision with regard to the license. With regard to that license, at least, was it valid? In other words, if they had exceeded the license, but suppose there was a dispute of any kind about the license, is that a valid agreement? You're just saying you can't have an attorney's fees provision in a license period? That's correct. No agreement is going to supersede the provisions of the Copyright Act. Well, your answer to my question is yes. Yes. That you cannot have a – if the copyright's not registered, you can't have a license of it that includes attorney's fees. That's correct. So she could – if she had brought this suit in State court and simply alleged that she entered into an agreement with your client and your client breached the agreement, and there was litigation in California State court, and she prevailed, your opinion would be she would not be entitled to attorney's fees? Not for copyright infringement. No, no. I'm just saying. Let's say she just goes into State court and said, I had an agreement. I give you my artwork and you sell it or distribute it pursuant to the agreement, but – and then she alleges that you breached the agreement by making gicle copies of her work and selling it in a way that breached the agreement. She goes to trial. She wins. Your interpretation is she would not be able to recover attorney's fees. That's not copyright infringement. She would recover damages for breach of contract. But – I'm sorry. I didn't quite – she would recover damages? For breach of contract. For breach of contract. For breach of contract. She would be entitled to attorney's fees if she prevailed. For breach of contract. In this case, there was a breach of contract provision, and Additions Limited was awarded judgment. There was no breach of the contract. Mine's simply a hypothetical. Put the copyright out. There's a straight suit she would be entitled to and she prevailed. She would be entitled to fees, wouldn't she? For breach of contract. However, those damages were measured, but it wouldn't be measured based on infringement of a copyright as that's defined in the Copyright Act. Now, this – this award was made under CCP Section 102.1, which explicitly says that except where there is a statute that provides for attorney's fees – But that statute runs in the other direction. It says – it says to me you can't get fees except when the statute provides for you getting fees. It doesn't – that's all it says. The way it's interpreted is that it's a limitation as to when parties can privately Right. It's a limit – it's a limitation as to when they can privately provide – where's a case like that? Is there any case that says that you can't have a contract that overrides this? I'm sorry. I didn't hear you. Is there any case that says that whatever that's – the California statute says, if two people enter into an agreement that says that if X happens and you assume you can get fees, that that is precluded by the statute? The cases that interpretate this – interpret this statute say that if there is a statute that provides for attorney's fees, you cannot agree to award them differently. But it happens every day. I mean, when you settle cases, you waive fees very frequently. Well, all I can say is that – You can't waive fees. Is that – one of the cases that we described in our brief, interpret it as – Let me get to the core of this. Is there any case that treats a contract-based cause of action, I mean, a contract-based case, as a fee provision, unlike a tort or one that is inferred by the court, one that is provided for by a contract under either the copyright provision or the California 3333 provision as not permitted? Aren't all of these cases talking about when the court can award fees in the absence of an agreement but doesn't limit people's rights to enter into private contracts? Your Honor, the preemption section of the Copyright Act specifically states that under common law, either under common law or State statute, can – does one have any right that is the equivalent of what's under the copyright statute. True. But this isn't under common law or – I mean, it's only under common law in the sense that they enter into an agreement and they're trying to enforce it, but it's not under the common law as such. Your Honor, all I know is that since 1978, there isn't a single appellate decision which has affirmed an award of attorney's fees for copyright infringement where it was barred by the copyright act. And was there ever a case like that where there was a contract like this? Yes, but they did not – yes, there are cases where they looked at the contract. But in all of those cases, there was no prohibition. There had been registration in time. The issue wasn't even raised. It wasn't even raised. There is only a single district court decision that awarded attorney's fees in a case just like this. It's cited in our brief. What makes it so interesting is that it was never appealed and it's never been cited for this. It made the award of attorney's fees under a rule of the Fourth Circuit. We had to – had a general attorney's discretion. I thought in an earlier incarnation of this case that your client got fees on the same basis. That's correct. So why is it just judicially a stop, period? You took the position that you could do it, right? And you did it. Well, Your Honor, the attorney's – Section 412, Section 412 applies to plaintiffs. If a defendant – if a – irrespective of whether it's registered, if a defendant wins a ruling of no infringement, they can recover attorney's fees. If a plaintiff – But I thought you based your right to fees on the same contract in our claim that was preempted. Well, there was no copyright infringement, so it had nothing to do with the Copyright Act. What did it have to do with? The whole point was that there was no copyright infringement, so it was still – it still dealt with the – with whether there was or wasn't copyright infringement, not with the contract, right? We were entitled – it was never separate. We sought attorney's fees for the defense of the case. We won on all counts on summary judgment. Which included a cause of action for breach of contract. Yes. We won on the contract. We won on the unfair competition. We won on slander of title. And we won on the copyright infringement in the initial district court, all by summary judgment. Did you claim in that action that you were entitled to fees as a result of the contract? We – Well, that seems to me a real easy question to say. Yes. Yes or no to. Yes. Okay. Absolutely. We were the prevailing party on all counts, and we sought. Including the copyright. And no one asked you to separate out the copyright. Well, there was none. It was never asked to separate anything.  fees, counsel – counsel, counsel, counsel, counsel, counsel, counsel, counsel, counsel failed to respond. So why isn't sauce for the goose, sauce for the gander? We aren't, because here we're dealing with a specific delineation for copyright infringement. Now, what I started to say about the single decision is there – that case has a distinction to be one of the only ones severely criticized by NIMR. And basically it's because the Fourth Circuit can't be said that they undermined an enactment of Congress. This Court – this Court in the Universal v. Sony case, when it went up to the Supreme Court, the Supreme Court reversed that decision on the grounds that the remedies under the Copyright Act are exclusively prescribed by Congress. Let me ask the question this way. When, in its previous iteration, you took the position that you were entitled to fees after having prevailed below. That's what happened, right? That is correct. Did you affirmatively say that we're only seeking fees under the Copyright Act? No, we were just – Did you reject any entitlement to fees under the agreement between the parties? No, the Court ruled that we were the prevailing party on the entire lawsuit. It's hard to get a yes or no answer out of you, I think. Well, you asked me a question, and the answer is I never had to make that kind of separation since we – I was responding to the order of the Court finding us the prevailing party in the entire action. You took the position that you were doubly entitled to fees, A, because of the Copyright Act on which you had prevailed, and B, because of the agreement. Right? No.  Then tell me what you did. All we did was say – what we did is we put in all attorneys' fees allowed by the lodestone in the action since that's what we were the prevailing party on, and the Court granted it. Okay. All right. The question never got raised. And you're – I don't know the answer to this, but you're telling us that the Copyright Act preclusion is a one-way ratchet, i.e., they can't get fees if they haven't registered, but you can get fees under the Act if you win, even if they haven't registered? Absolutely. That's what the statute says? That is – that is the way it's interpreted by the Federal courts. That is exactly the way it – that's exactly what it is, is that 412, of the Copyright Act, addresses only attorneys' fees and damages that can be – that can be imposed by the court without even evidence. Now, that's all it applies to. It doesn't apply to injunctions. It applies only to those two remedies. You can go in with an unregistered copyright and get an injunction. But as to those two remedies, and I will give you my opinion. I have no idea why Section 412 is accepted, but it is, and it has been since 1978. Let's suppose that – I'm sorry? Let's suppose we disagree with you. Okay. What's your position on the cross-appeal? I didn't – What is your position on the cross-appeal by the opposing side with respect to the amount of attorneys' fees and how the magistrate judge calculated them? Assuming that it's allowed, the – what the judge did, he – it was somewhat peculiar. There was no motion for attorneys' fees. He asked for a declaration by opposing counsel specifically on those items that pertain to the copyright infringement. The declaration included everything. And so the judge just basically did it himself through the lodestone cases, went through line by line and – But he did – he did exactly what Hensley says you can't do, which is just take   He said, I'm going to make it one-fourth. I'm going to say there were four causes of action. I'm going to make it one-fourth. He allocated the attorneys' fees. That was in his order. That's how he allocated it. Is that right? That's what he did. To the copyright infringement. Is there any precedent for that? Any – that approves that? The cases approve that. They do? Yes. The cases specifically disapprove that. Well, in – You can't just go in chopping off without any particular reason. I mean, it's extremely unlikely that each cause of action was one-quarter of the work. If anything, the copyright issue seems to have dominated the case for the most part. The court didn't do that. He said, just put in those fees that you believe – I understand that. And it didn't happen. But then what he next did was just take and go – take one-quarter of the fees. Is that what he did? I don't think he did that. I don't think he did that at all. I thought that's exactly what he did. Then he took another 20 percent. Yeah. He took one-quarter and then minus 20 percent. Well, he was left with that. He was – yes, he was left with that because of the way the declaration was made. It just included everything. There was no attempt. I mean, it included things that are just – had nothing to do on costs. Meals, travel time. What about the fees for the first slap motion? Well, in that case, the first – the first motion on the anti-slap motion, it was denied. And the Ninth Circuit affirmed. But it was only denied in the first case.   And the court said, well, we're going to give you time for discovery. It went back and there was a second. To give you time for discovery. And when you tried to withdraw it, you tried to withdraw it without prejudice and without fees, right? Oh, absolutely. Right? We tried to withdraw it, but it was too late. Without fees. He appealed. Without prejudice. So what's good to that dorm? Your Honor, I – we did what we did. We tried to withdraw it. But since he had already appealed, jurisdiction was taken away from him. Okay. But my understanding is that the district court said, well, they could have just agreed to have it withdrawn. But in fact, they couldn't have because it was only going to be withdrawn without prejudice. Your Honor, I don't recall that. I'm sorry. You also denied fees for the first appeal. I'm sorry? The first appeal. Well, the first appeal. He – He denied all fees. He denied all fees. And what was the basis for that? There was never any – there was never any reason given. Any reason given. There was never any reason stated. There was never any what? The only reason that I can – that I can attribute is that the Court felt that by the immediate appeal that took away the ability to dismiss the counterclaim, all it did was add more costs on it. Am I factually correct that the offer was only to withdraw without prejudice? Is that correct? I really don't recall that. Okay. I do not recall that. Do you think that matters? Well, if you're asking me would I have done it without prejudice, no. I would have done it with prejudice.  But you didn't. There was no reason. There was no reason. But you didn't. And so therefore, it wasn't an offer to do anything useful. It didn't get that – didn't get far enough. If it got as far as a foot – I'm sorry, but the problem was at that time the appeal took the jurisdiction away. Okay. You want to save the rest of your time for everybody? Yes, please. Okay. Good morning, Your Honors. Richard Deliberti for the Appellee and Cross-Appellant Victoria Ryan. Just so we get it off the table, am I correct on the last point, that is, that the offer was an offer to dismiss without prejudice? It was. It was offered to dismiss without prejudice, yes. Okay. And part of – I don't remember the exact issue, but the request for dismissal wasn't exactly made according to the rules. The magistrate at the time basically invited an opposition. And my opposition was, first of all, technically this is with the court of appeals. If you want to make a motion to dismiss, you ought to make it with the court of appeals. But the second thing I said is, but if you think that this motion should be made in the district court, then I'd like an opportunity for a hearing on whether there should be any conditions, which is what the statute would have allowed me to do, whether there should be any conditions on the dismissal, which would have been appropriate and it would have given me the opportunity to raise the issue of attorney's fees at that time. So why not, in the circumstances of this case, why isn't the claim for attorney's fees preempted here, or the provision in the contract preempted by the Copyright Act?  Section 412 of the Copyright Act simply says no award of attorney's fee, no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made within certain time limits of the registration, if the registration isn't made. It doesn't say no award of attorney's fees for a breach of contract. It doesn't say no award of attorney's fees under any other possible provision. And Judge Easterbrook put it nicely. The reason for this difference, a copyright is a right against the world. Contracts, by contrast, generally affect only the parties. Strangers may do as they please, so contracts do not create exclusive rights. Your opponent is correct, isn't he, that if this had been a straight-on State court proceeding, in which you allege that his client breached the contract and you lost on breach of contract, that you would not be able to recover fees, correct? Correct. If I'm understanding your question correctly, correct. And in this case, it's law of the case that there was no breach of contract, right? I mean, where we sit today, there is a determination by the lower court that granted summary judgment on your breach of contract claim. Okay. Here's why I pause. I pause because, first of all, I'm not familiar with the law of the case well enough to want to talk about it now. But second of all, generally awards of attorney's fees, and I believe this is even true for breach of contract, aren't based on the recovery that's actually provided by the court and the judgment. It's based on whether the aims of the case were achieved. So even if you get a judgment that says, hey, I didn't find anything, nothing for you, but by virtue of the case you got what you wanted, then you're still entitled to attorney's fees as the prevailing party. Another way of putting the question that Judge Hawkins or Burgess is raising is, did they ever understand that they defended the fees on the ground that was preempted? Have they ever defended on the ground that the contract doesn't provide for fees under the circumstance? I don't recall. Does the contract provide for fees under the circumstance? Yes. Yes. In the previous appeal, the Court certainly believed, this Court certainly believed that it provided for fees. The judge, the Court refers to it in their, in the opinion, the broad language of the provision. And. I'm sorry.  I didn't see that in the appeal. So I apologize of all things to have at my fingertips, that's, but what I can tell you is this, is what the Court said is this. The Court said, you know, in the event that you, the Court says near the end of the opinion, in the event that you. To decide whether it was a prevailing party. It was kind of a vague. Under the broad language of the contract. So. But I'll also say, but I should also say this. In the earlier, in the fee award against my client that was ultimately vacated  under the copyright statute. Under the Copyright Statute, the editions limited argued that it was a broad fee provision. It covered everything. It covered everything. They argued that. Is he correct that under the Copyright Statute, they could get fees for the very same cause of action that you couldn't get fees for? Is that correct? I think so. Well, then he didn't need the contract. In fact, on the original, in the original order, the judge found fee, awarded fees under the contract. Oh, yes. And also awarded fees. Because there was also a breach of contract claim. And also awarded fees under the Copyright Act. Right. So there was no reason to be splitting it out because, I'm sorry, there was no reason to be splitting it out because there was, the total amount of fees was covered by one or the other. So there was actually another cause of action in the case that we've forgotten about, which is that there was a counterclaim for defamation. Which was what? There was a counterclaim for defamation. Right. That was off an appeal. So, in fact, there was another big block of work that wasn't going to be included in this. And so I believe that part of the reason that that was an issue in the first It is transparently obvious to me that this statute covers, I mean, the contract which says, in the event that litigation, wait a minute, in the event that litigation is institute with regard to this agreement, the prevailing party shall be entitled to its cost of the suit, I mean, it does say, it does seem to cover more than breach of contract. It's not obvious to me that it covers this, but I'm not sure it was raised as such. I don't recall if it was raised at all. It certainly wasn't. It certainly wasn't given a lot of argument. Again, I think it wasn't given a lot of argument because of the position that Additions Limited took in the earlier motion. But I think Your Honor correctly characterized this case when you said that this was really about exceeding the license. This is a license agreement. Right. That's how you'd have to get there, right? You'd have to say this is exceeding the license agreement. Well, I'm not sure if that's necessary, but I think it's sufficient. I mean, that's really what this case is about. Hey, we had a license agreement that said you can do certain things with my stuff, and you decided that you were going to do a whole lot more than that. You decided once you had a toe in the door, you could enter license agreements, you could go and authorize unauthorized stuff, you could do anything you wanted with it. So this really is about the contract in that sense. And it's also about copyright. And it's also about copyright, yes. So ---- What about, to get to the cross appeal, you were asked to come up with a more specific vision of fees, and you just didn't. At that point, what was the district court supposed to do? Well, first of all, I think the premise that the court could divide out the work for that theory was not right. I'm not sure that the court was within its right to say, I'm only going to award you for the work related to the contributory infringement. But I did actually address it, and what I said was, hey, look, we've assumed from the beginning the court found in this earlier award of attorney's fees that went the other direction. Additions Limited argued in the early attorney's fee ---- in the earlier motion that this was basically a case about one thing. You guys exceeded your license. You authorized this for stuff that you weren't supposed to authorize it for. That's kind of how they put it in that original brief. Additions Limited's original brief. From the beginning, we've agreed this is kind of all one big thing. So really, there is no way for me to separate it out. It wasn't that I just disobeyed the court's order. It was that there was really nothing that I could do. You essentially took a principled position that I followed your directions because all of these fees are attributable. Yes. And I did divide out the defamation stuff, because that really was a separate issue, and for the most part ---- Which stuff, I'm sorry? The defamation stuff. So remember, again, that there was a cross-claim against my client for defamation. And in my division of the fees in my declaration, I separate that stuff out very carefully. So I did the best I could. I divided it into phases. I mean, I broke it up as many ways as I could because I thought that was the fair thing to do in order for there to be a reasonable analysis of what the fees were. But one thing I couldn't do was say ---- I mean, really, I don't think you can go through the fees and say that there was any particular entry that you could say, oh, this was just about something other than the contributory infringement claim. I don't think that there are entries like that. There are ---- In your declaration, you asked for, what, 400 and some-odd thousand? I think with interest, yes. So it looked to me like the district judge was just a bit concerned about that amount in light of the recovery, although there was a substantial amount of time that was expended in this case. Well, so I'll say a couple of things. I mean, he can take that into account. Just not the way he did. But not the way he did it. Yes. He can take it into account, but not the way that he did. And I would say, first of all, one of the issues that we should discuss quickly is there's my spoliation motion. There was an issue of testimony changing. This case was way longer and more expensive than it needed to be, not because of anything that I, as an attorney, did or my client did. It was long and expensive because of the way that Additions Limited decided to litigate this case. And the case law is very clear on this. If the reason that the fees are inflated is because of something you did, then you can't come in and complain that it was excessive. So it was does it seem like a lot of fees in light of the outcome? Yes. But the reason it was a lot of fees in light of the outcome is because they didn't cooperate with discovery. They allowed documents to be destroyed. They lied when we confronted them about this before the case started. They changed their testimony between the deposition and declarations in trial. All of those things made this expensive. It meant that we had to bring appeals. It meant that we had to fight summary judgment motions. And this is the important principle. The cases are uniform in saying that the right that you start with any of these kinds of fee awards, whether under the anti-SLAPP or anything else, you start with what complete hours are. And then you go through and say, hey, well, what time was unreasonably spent? And that's not how the Court evaluated this motion. It's simply not the standard that was applied. It's the right standard. It's not the standard that was applied. And according to that standard, the fees weren't unreasonable. According to that standard, I don't think that there's the pieces that the Court could have cut. Well, you could have adjusted it. You could have gone through and cut out. He could have given reasons for reducing the amount of fees. He could have given reasons. But as my opponent conceded, at least for the first section, at least as to the first appeal, there were no reasons given. It was just... Well, I guess my only point was that there is a way for the district judge to take account of the ultimate recovery and, you know, to look at everything in a more complete way. But he didn't do that here. Right. You had one other issue that you raised, which was with respect to the damages, limiting the damages to just the... Right. And so in each of these, there are a number of issues raised, but in each of them, I think there's a very stark issue of law that makes it easy to resolve. On the issue of damages, there's two stark issues. First is that I believe that the Court's earlier decision reopened the issue of damages implicitly. The Court reversed the contributory infringement claim. I think because of that, the Court didn't feel it was necessary to specifically go into whether this limitation on damages was vacated. But did you prove at trial or try to prove at trial any additional infringement other than that one instance? So additional infringement. So I did additional contributory infringement. So what came out at trial about additional infringement that was very different than what we heard in the depositions or in the declaration that was filed that supported that original summary judgment motion. What we heard at trial that was very different was that Additions Limited had a policy of everybody can do canvass transfers. Everybody can do canvass transfers. If you call me, I'm going to say yes, unless I have something specifically in writing from the... And then did you have evidence of other instances? No evidence of other specific instances. You wouldn't have got any different damages anyway. But the reason I believe that there was no evidence of damages is because it was destroyed as a result of Additions Limited's... Okay. But that's a different question. But I mean, it seems as if the reason you only got the $1.74 was because you only proved one instance. And in the end, you still only proved one instance. Yeah. Well, so first of all, because the issue of damages was excluded from trial, there was no reason for me to go into that issue at all. I think the theory of recovery at that point would have been, hey, based on spoliation, there's reason to believe that there was all sorts of damages that we could have proven. I believe there would have been evidence in there that they authorized canvass transfers based on all of the other evidence. They got lots of inquiries. They answered the inquiries. There were all sorts of communications by email. All that stuff's lost. All that stuff's lost. And so based on what we know about the frequency of these inquiries and so forth, there was evidence there that these guys were authorizing canvass transfers. So, and there is... So you're saying you might have been able to come up with the evidence of the actual transfers if you had been able to... Had it not been for the spoliation, I believe very strongly because... But also if you had been allowed to prove damages. What if he said you could prove the damages, but you still had the spoliation problem? Well, that's not a hypothetical. That's where I was. I mean, it's where I was. I did have a spoliation problem. And I mean, there were tons of websites offering this stuff. I did prove that at trial. I went through all of this stuff, and there were tons of websites offering this. The idea that there were just all of these retailers who were saying, hey, come buy canvass transfers of this artist's work, and nobody bought any, is... It's hard to believe, especially when... Because the other possibility is they just bought the posters and did it without authorization. Well, there's evidence that that's not what they did. In fact, those websites were not offering canvass transfers for other artists. So if they were doing it, they were doing it against the policy that they were holding out.  If you have permission, you're allowed to do canvass transfers of their stuff. The one retailer who remained a defendant in this case, that's exactly the situation. They were very careful about it. They got explicit permission. And the only reason that my client's stuff was being offered as canvass transfer was because they had explicit authority that specifically named my client. So as far as... All the evidence at trial was that they were very careful about this. And incidentally, in that original summary judgment order, the court goes on for a while criticizing the suggestion that I made that these guys were just willy-nilly encouraging this stuff to happen and that I couldn't support my damage theory on that basis. That was based on the declaration of Durand-Chapel, which said, oh, this one instance was a mistake. We didn't do this. Our policy was against it. This one instance was a mistake. There's a declaration there. Totally contrary to what we heard at trial. And the court says, hey, I got no evidence that shows me that they were just willy-nilly authorizing this all the time. At trial, I find out they were willy-nilly authorizing this all the time. And so I have every reason to believe that there was a lot of this going on and that it wasn't because the retailers were being underhanded or lying about what they were doing. That wasn't it at all. Anything else? I just very briefly want to touch on... We touched on the damages, the appellate mandate. The second issue on the damages is that the Court believed it had no discretion to reconsider the previous order. The Court clearly did have discretion to reverse, to reconsider the previous order under Rule 56. You mean our mandate. Is that what you're talking about? No, I'm talking about two. So there were two issues. One, there's the mandate. So I believe the mandate directly reopened this issue, but say it didn't. Then, well, first of all, there's authority that the appellate mandate, anything it doesn't touch is still open for the trial court. That's clear. And so it was clearly open based on the appellate mandate, even if it didn't explicitly reopen it. But the Court said, even then, I don't think I have authority to go back and just reconsider Rule 56. The Court was explicit about this. I don't believe I have that authority to do that. He said, I'm going to go back and check, but I'll tell you no. And, in fact, it's clear that the Court doesn't. Explicitly under Rule 56, Moses v. Mercury, there are other cases that say, you know, any time before final judgment is entered, you can go and reconsider this stuff. So the Court believed it had no discretion, didn't exercise it for that reason. So that's a second entirely separate reason why the damages issue is wrong. On leave to amend, clear legal issue, the Court said, hey, I don't think Rule 15A, liberal amendment standards, applies. Once trial has started, that's clear error. Howie, second day of trial, motion to amend. So I've got a clear, that's my exact, that's this exact case. The one difference between Howie and my case, in Howie, the plaintiff seeking leave to amend gave no reason for the delay. In my case, the reason for the delay is that until that first day of trial, I didn't know that Editions Limited has an affirmative policy of authorizing this no matter what. So the Court clearly applied the wrong legal standard. It clearly affected the outcome. And I think that's all I can do. Roberts. Okay.  Thank you, Your Honors. We have some time for rebuttal. Now, the $1.72 damages was the very first motion for summary adjudication. That was, it proved it was $1.72. There was discovery left. They made a motion to compel. It was denied. Did you try to settle the case after that ruling? Why didn't you just try and settle the case? We tried. We tried. Counsel would not agree to any settlement we made. Now, let me just address one thing. This question of agreeing to attorney's fees by statute, and I said that it does not, it does not affect the copyright statute. The copyright statute prevails. And you said, well, it's not. Now, one of the cases we decided, we cited was Carver v. Chevron. And it was exactly on this point. It was a lease that included a prevailing clause provision for attorney's fees. And 97-4 at 147, the Court said, and this was an action under the Cartwright Act, they said, well, the Cartwright Act provides for attorney's fees. So you get nothing. No attorney's fees under the lease. Now, that is precisely the same thing. We have a statute that unequivocally, and Congress decided for whatever reason that registration was somehow important enough to impose this. And it only, it's only one of two remedies that it applies to. But this is the one that applies here, is that there is. This argument is not a preemption argument. I'm sorry? This is not a preemption argument. It's an argument that under the contract, the fees aren't available under California law. They're not available under California law. That's preemption. It's not preemption. It is. It's preempted. Thank you, counsel. We appreciate your arguments. Very much interesting case. And the matter is submitted. We're going to take a 10-minute recess. When we come back from our recess, we're going to take up California Tow Truck Association, then Malunik, Malanik, and then Raynald. Thank you. We'll be in recess for 10 minutes. Thank you.
judges: Hawkins, Paez, Berzon